**United States District Court**
For the Northern District of California

1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    RICHARD GRANT,                          No. C 11-80156 SI

9                 Petitioner,                **ORDER DENYING PETITION TO QUASH**

10      v.

11   UNITED STATES OF AMERICA,

12               Respondent.
                                          /
13

14        Richard Grant, appearing in pro se, has filed a petition to quash two Internal Revenue Service

15   third party summonses.  Respondent filed its response, and the matter was scheduled for hearing on

16   August 12, 2011.  Respondent appeared for the oral argument; petitioner did not.  Having considered

17   the papers submitted, the Court hereby DENIES the petition.

18

19                                **BACKGROUND**

20        The Internal Revenue Service ("IRS") is conducting a criminal investigation of petitioner

21   Richard Grant ("Grant").  *See* Decl. of Alex Moran in Supp. of Oppo. to Pet. to Quash Summons

22   ("Moran Decl."), ¶ 2.  The IRS avers that Grant did not filed a partnership tax return or an individual

23   income tax return during the years 2005 through 2009, even though he owned and operated Grant

24   Engineering and Manufacturing ("Grant Engineering") as a partnership with his brother during that

25   time.  *See id.* ¶¶ 2–3.

26        On June 20, 2011, Special Agent Alex Moran served summonses on two third parties:  Carole

27   Zinck & Associates and Morre & Co. LLP.  *Id.* ¶ 6.  According to the IRS, Carole Zinck & Associates

28   perform bookkeeping and accounting services for Grant Engineering.  *Id.* ¶ 4.  Morre & Co. prepared

**United States District Court**
For the Northern District of California

tax returns for Grant Engineering, which Grant did not file. *Id.* ¶ 5. The return dates on the summonses were July 14, 2011. *Id.* ¶ 6. Special Agent Moran sent notices to Grant by certified mail on June 22, 2011, and Grant signed certified receipts for both notices on June 24, 2011. *See id.* ¶ 6 & Exs. A & B.

Special Agent Moran has also declared under penalty of perjury that (1) all administrative steps required by the Internal Revenue Code for the issuance of summonses were taken, (2) the records and information sought in the summonses were not in the possession of the IRS at the time the summonses were issued, and (3) there was no Justice Department referral in effect concerning the investigation as of the date the summonses were issued. *Id.* ¶¶ 7–9.

## LEGAL STANDARD

The Internal Revenue Code authorizes the IRS to issue summonses to third parties to testify and produce records for purposes of ascertaining the correctness of a tax return or determining the tax liability of any person. *See* 26 U.S.C. §§ 7602 & 7609; *United States v. Derr*, 968 F.2d 943, 945 (9th Cir. 1992). District courts have jurisdiction to review petitions to quash a summons and to order its enforcement. *See* 26 U.S.C. §§ 7604(a) & 7609(h)(1).

To enforce a summons, the IRS must establish a prima facie case: (1) that there is a legitimate purpose for the investigation; (2) that the material sought in the summons is relevant to that purpose; (3) that the material sought is not already within the possession of the IRS; and (4) that those administrative steps which are required by the Internal Revenue Code have been taken. *United States v. Powell*, 379 U.S. 48, 57-58 (1964). Once the government establishes its prima facie case, the party moving to quash the summons carries the burden of disproving the existence of a valid purpose or that enforcement of the summons would be an abuse of the court's process. *Id.* at 58.

## DISCUSSION

The Court finds that the IRS has satisfied its initial burden to establish a prima facie case for enforcement of the summonses. "The government's burden is 'a slight one' and typically is satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons that the Powell requirements have been met." *Fortney v. United States*, 59 F.3d 117, 120 (9th Cir. 1995).

United States District Court
For the Northern District of California

1   Special Agent Moran's declaration establishes the four *Powell* factors:  that (1) the investigation has the

2   legitimate purpose of investigating a person who may be criminally liable for failing to pay taxes, (2)

3   the third party summonses were issued to gather material relevant to ascertaining Grant's liability, (3)

4   the material sought by the summonses is not already within the possession of the IRS; and (4) all

5   administrative steps required by the Internal Revenue Code for issuance of the summonses have been

6   taken.

7        The burden then shifts to petitioner to "'challenge the summons on any appropriate ground,'"

8   for example by alleging that the IRS abused the court's process by issuing the summons "for an

9   improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute,

10  or for any other purpose reflecting on the good faith of the particular investigation." *Powell*, 379 U.S.

11  at 57 (quoting *Reisman v. Caplin*, 375 U.S. 440, 449 (1964)).  The taxpayer's burden to show an "abuse

12  of process" or "the lack of institutional good faith" is "heavy." *Fortney*, 59 F.3d at 120.

13       Grant has raised seven arguments in support of his petition.  First, Grant argues that the IRS

14  failed to give him timely notices, as required by 26 U.S.C. § 7609(a)(1).  Special Agent Moran's

15  declaration and the attached exhibits establish, however, that the notice of the summonses was timely

16  given and that the return dates were the 23rd day after notice, as required by the Internal Revenue Code.

17  Second, Grant argues that the IRS failed to provide him with advance notice that contact with the third

18  parties was to be made, and failed to provide him with a record of person contacted.  However, the IRS

19  is not required to provide such notice "with respect to any pending criminal investigation." *See* 26

20  U.S.C. § 7602(c).

21       Third, Grant alleges that "upon information and belief," the summonses were issued while a

22  referral for criminal prosecution to the Department of Justice was already pending, in violation of 26

23  U.S.C. § 7602(d)(2)(A). Special Agent Moran's declaration is to the contrary, however, and Grant has

24  not pled facts or filed an affidavit that would support his position.  Fourth, Grant argues that respondent

25  has abused the summons process by issuing summonses in multiple jurisdictions in an attempt to inhibit

26  Grant from being able to exercise his right to quash the summonses.  Assuming that such an argument

27  could support a finding of bad faith or abuse of process, Grant has not alleged any facts in support, let

28  alone carried his heavy burden under *Powell*.  He has not informed the Court of any summons other than

3

**United States District Court**
For the Northern District of California

1  the two summonses issued in the Northern District of California, nor has he alleged any fact that would

2  support a finding that the issuance of summonses in multiple jurisdictions was done for any nefarious

3  purpose, rather than because relevant documents were to be found in multiple jurisdictions.  Similarly,

4  Grant's fifth argument, that the summonses were not issued in good faith, is unsupported by any factual

5  allegations and therefore fails.

6      Grant's sixth and seventh arguments are that the IRS is violating federal and state privacy laws,

7  as well as Grant's rights under the Fourth Amendment.  Grant does not specify what privacy laws are

8  being violated, nor does he allege that the summonses are seeking or will produce some document or

9  category of documents that is entitled to special protection from disclosure.  As respondent notes in its

10 opposition brief, the Right to Financial Privacy Act specifically exempts from its protections disclosure

11 of financial records in accordance with procedures authorized by the Internal Revenue Code.  *See* 12

12 U.S.C. § 3413(c).  Although the Internal Revenue Code recognizes that a limited privilege applies to

13 communication between a taxpayer and a federally authorized tax practitioner, that privilege does not

14 apply to a criminal investigation.  *See* 26 U.S.C. § 7525(a).  In *Couch v. United States*, 409 U.S. 322

15 (1973), the Supreme Court rejected an argument from a taxpayer being investigated by the IRS that

16 either the Fourth or Fifth Amendments provided her with an expectation of protected privacy or

17 confidentiality in business and tax records in the possession of her accountant.  Grants final arguments

18 fail as well.

19

20                   **CONCLUSION**

21     For the foregoing reasons and for good cause shown, the Court hereby DENIES Grant's petition

22 to quash the IRS summonses.  (Doc. 1.)  The Clerk shall terminate the case.

23

24     **IT IS SO ORDERED.**

25

26 Dated:  August 12, 2011

27                        SUSAN ILLSTON
United States District Judge

28

4